# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO a.k.a. ANTONIO GUERRERO,<br><br>        Plaintiff,<br><br>    v.<br><br>THE GEO GROUP, INC., et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01630-LJO-SMS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, AND DISMISSING AMENDED COMPLAINT WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 39)<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT IN LIGHT OF DISMISSAL OF AMENDED COMPLAINT<br><br>(Doc. 39) |

**Order on Defendants' Motion to Dismiss and to Strike**

Plaintiff Jose Moreno a.k.a. Antonio Guerrero ("Plaintiff") is a federal prisoner proceeding in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff also alleges claims for negligence and intentional infliction of emotional distress under California law. This action for damages is proceeding on Plaintiff's amended complaint, filed February 21, 2008, against Defendants The GEO Group, Inc. and Laurie Watts, and numerous Doe defendants.

Now pending before the Court is Defendants The GEO Group, Inc. and Laurie Watts' partial motion to dismiss and motion to strike the requests for punitive damages, filed on May 28, 2008,

pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).  Plaintiff filed an opposition on June 13, 2008, and Defendants filed a reply on June 25, 2008.  The motion was deemed submitted pursuant to Local Rule 78-230 upon the filing of the reply.

**I.    Standards Governing Motion to Dismiss and Motion to Strike**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court may not look outside of the pleadings in resolving the motion.  The federal system is one of notice pleading, Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002), and "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to this action, Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512, 122 S.Ct. 992, 998 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  The allegations and reasonable inferences are taken as true, and are construed in the light most favorable to Plaintiff.  Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004).

Rule 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading."  Fed. R. Civ. P. 12(f).  Requests for punitive damages not recoverable as a matter of law are appropriately addressed by a motion to strike.  Wilkerson v. Butler, 229 F.R.D. 166, 172 (E.D. Cal. Jun. 30, 2005) (citation omitted).

**II.   Claims at Issue**

At the time of the events at issue in this action, which occurred between May 5, 2005, and January 5, 2006, Plaintiff was a federal prisoner housed at Taft Correctional Institution (TCI) in Taft, California.  Plaintiff's claims arise from the medical care, or lack thereof, he was provided for his complaints of severe migraine headaches.  Following Plaintiff's transfer to TCI, his prescription medication, which had been effective, was discontinued and replaced with an ineffective medication; Plaintiff's complaints of bleeding, vomiting, and severe migraine headache pain were disregarded; Plaintiff's requests to be placed back on the medication which had been effective were denied and/or ignored; and Plaintiff was not permitted to see a doctor.  Plaintiff subsequently suffered a severe,

debilitating stroke on or around November 17, 2005, for which he was hospitalized for seven days, and a second, milder stroke following his release back to the institution. Plaintiff was transferred from TCI to another institution on or around January 6, 2006.

Plaintiff alleges that his rights under the Eighth Amendment of the United States Constitution were violated, and that the actions or omissions of the defendants named in the complaint constituted negligence and intentional infliction of emotional distress, in violation of California tort law.

### A. Bivens Claims Against The GEO Group, Inc. and Laurie Watts

Defendants The GEO Group, Inc. (GEO) and Laurie Watts (Watts) argue that they are entitled to dismissal of the Bivens claims because such claims may not be brought against a private entity or its employees, respondeat superior is not available for such claims, Plaintiff fails to allege facts sufficient to state a claim for violation of the Eighth Amendment, Eighth Amendment claims cannot be brought against prison nurses, and Plaintiff fails to allege facts sufficient to state a claim for violation of the Eighth Amendment arising from the failure to train and supervise.

#### 1. Private Entities and Their Employees

A Bivens claim for damages may not be brought against a private corporation. Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 63, 122 S.Ct. 515, 517 (2001). Accordingly, Plaintiff's Bivens claim against GEO fails as a matter of law. Because the deficiency is not curable by amendment, GEO is entitled to dismissal of the Bivens claims against it, with prejudice.

Under certain circumstances, Bivens provides a cause of action against federal officers in their individual capacities for the violation of an individual's constitutional rights. Malesko, 534 U.S. at 66, 122 S.Ct. at 519 (citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971)); Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original omitted). "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001)) (emphasis in

original omitted). However, a private party may be treated as a government actor where "'the alleged infringement of federal rights [is] fairly attributable to the [government]?'" Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir. 1999)).

TCI is a privately run prison housing federal prisoners under contract with the Bureau of Prisons, and Watts was employed by GEO at TCI as the Medical Director and/or Health Care Administrator during part of the time Plaintiff was housed there. If Watts was employed at a federal prison run by the Bureau of Prisons, a Bivens claim would unquestionably lie against her for violation of the Eighth Amendment, assuming sufficient facts were pled to support such a claim. Defendants' bare argument that because a Bivens claim does not lie against GEO as a private entity, it does not lie against Watts as its employee in unpersuasive. No basis has been presented to the Court which would allow it to rule that Watts was not a government actor and may not be held liable under Bivens for actions taken in her individual capacity. Defendants' citation to Malesko for the proposition that Plaintiff may not bring a Bivens claim against Watts is inapposite. Malesko, 534 U.S. at 65, 122 S.Ct. at 518 (issue of whether Bivens action might lie against a private individual not presented). Defendants' motion to dismiss the Bivens claim against Watts because she is an employee of a private entity is denied.

**2.   Sufficiency of the Eighth Amendment Claim(s) Against Laurie Watts**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

The Court rejects Defendants' argument that Eighth Amendment claims may only be brought against prison doctors and guards. This argument untenable. An Eighth Amendment claim is available against any government actor who, acting under color of law, is deliberately indifferent to a prisoner's serious medical needs. E.g., Jett, 439 F.3d at 1098 (Prison administrators "are liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help.") The viability of the claim is not dependent upon the job title or position held by the government actor.

However, Defendants correctly argue that supervisory personnel cannot be held liable in a Bivens action for the actions of their employees under a theory of respondeat superior. Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). Therefore, liability against Watts must be premised on more than her position as Medical Director and/or Health Care Administrator. A supervisor [may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick v. Hunter, 500 F.3d 987, 988 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted).

///

Here, the amended complaint sufficiently alleges facts supporting the claim that various unidentified Doe defendants came into direct contact with Plaintiff and in failing to address his medical needs, acted with deliberate indifference. However, the amended complaint is devoid of any specific facts in support of the claim that Watts herself "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994). There are no facts alleged supporting any direct involvement by Defendant Watts and there are no facts alleged supporting liability under a theory supervisory liability, under which the failure to train and supervise would fall. Plaintiff must do more than recite that Defendant Watts violated his rights by acting with deliberate indifference, including through the failure to train and supervise employees. The Court is mindful that the federal system is one of notice pleading, and where Plaintiff alleges more specifically what happened to him and to whom he complained and/or presented his condition, his allegations are sufficient to support a claim. However, there is simply no link between the violations complained of and an act or omission of Defendant Watts, other than the conclusory assertions that she violated his rights under the Eighth Amendment. Therefore, Defendant Watts is entitled to dismissal of the Eighth Amendment claims against her, with leave to amend.

### 3. Request for Punitive Damages

In addition to seeking dismissal of the Bivens claims, GEO and Watts move to strike the request for punitive damages from the amended complaint. The deficient Bivens claim against GEO is not curable, and the Bivens claim against Watts is subject to dismissal with leave to amend for failure to state a claim. Therefore, it is unnecessary to strike the prayer for relief from the amended complaint as to the Bivens claims, and the motion shall be denied as moot. To the extent Defendants are arguing that such damages are never available, the Court rejects that argument. Punitive damages are available under Bivens. Nurse v. United States, 226 F.3d 996, 1005 (9th Cir. 2000).

///
///
///
///

1  B.     **State Law Claims Against GEO**

2       1.     **Intentional Infliction of Emotional Distress**

3            a.     **Sufficiency of the Claim**

GEO argues that Plaintiff's amended complaint does not set forth sufficient facts to support his claim of intentional infliction of emotional distress (IIED). Plaintiff contends that paragraphs 53, 54, and 55 of the amended complaint satisfy the pleading requirements for his IIED claim.

The Court's review of Plaintiff's amended complaint arises from GEO and Watts' motion to dismiss, and the IIED claim at issue is brought against GEO, in addition to unnamed defendants who are not moving parties and have not appeared in this action. Therefore, review of the IIED claim is limited to the claim brought against GEO.

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003) (citing to Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991)) (quotations omitted). In addition to the requirement that the conduct be intentional and outrageous, the conduct must have been directed at Plaintiff or occur in the presence of Plaintiff, of whom Defendant was aware. Simo, 322 F.3d at 622 (citing Christensen, 54 Cal.3d at 903) (quotations omitted). GEO may also be held liable for intentional infliction of emotional distress by its employees if committed within the scope of their employment. Lisa M. v. Henry Mayo Newhall Memorial Hosp., 907 P.2d 358, 12 Cal.4th 291, 296 (Cal. 1995). However, the claim as alleged is not one based on vicarious liability. (Doc. 26, Amend. Comp., ¶¶53-55.)

Plaintiff alleges that GEO knew or had reason to know that its conduct as described and alleged herein would cause Plaintiff severe emotional distress, and that its conduct was outrageous and did cause Plaintiff to suffer extreme emotional distress. (Id., ¶¶53, 54.) However, the amended complaint does not set forth any specific facts that support a claim that GEO engaged in intentional conduct which was outrageous and directed at Plaintiff. Accordingly, Plaintiff fails to state a claim

against GEO for intentional infliction of emotional distress. Leave to amend will be granted, in the event that Plaintiff believes in good faith he can amend this claim against GEO. If Plaintiff's claim is premised on vicarious liability, he is required allege sufficient facts to place Defendants on notice as to the basis for the claim.

### b. Prayer for Punitive Damages

Under California law, Plaintiff is entitled to recover exemplary damages to punish a defendant if he proves by clear and convincing evidence that the defendant is guilty of fraud, oppression, or malice. Cal. Civ. Code § 3294(a) (West 2008). If liability against GEO is premised on the wrongdoing of individuals employed by GEO, GEO may not be held liable for its employees actions of its employees unless it "had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(b) (West 2008). Further, imposition of liability for exemplary damages on a corporate defendant such as GEO requires that "the advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Id.

"[T]here is no separate cause of action for punitive damages – they are only ancillary to a valid cause of action." Caira v. Offner, 126 Cal.App.4th 12, 39 n.20 (2005). For this reason, it is necessary to consider the availability of such damages in the context of the specific legal claim and not in isolation. In this instance, the IIED claim at issue is brought against GEO.

Although California law governs Plaintiff's IIED claims substantively, the sufficiency of the claim as pled is governed by federal law. Plaintiff's position that he is not required to prove anything at this stage in the litigation or meet a heightened pleading standard is correct. As previously set forth, Rule 8(a) calls for notice pleading. However, a claim supported by nothing more than bare legal conclusions or legal phrasing will not suffice. Bell, 127 S.Ct. at 1964-65.

Given the nature of an IIED claim, if Plaintiff's amended complaint had set forth sufficient facts to support an IIED claim against GEO, it would likely have taken little more to sufficiently plead a request for punitive damages, assuming facts sufficient to satisfy section 3294(b)

requirements for corporate liability. However, the amended complaint is devoid of any specific facts supporting a claim against GEO for IIED. Plaintiff's description of the employee defendants as officers, employees, agents and/or representatives of GEO is not sufficient. The basis for Plaintiff's punitive damages request is the intentional infliction of emotional distress by GEO. Absent a viable claim for IIED against GEO, there is no basis for punitive damages, and assuming a viable claim for IIED may be pled, Plaintiff must allege sufficient facts to satisfy section 3294(b). While heightened pleading is not required, the elements necessary to prevail on a claim for punitive damages must be taken into account and sufficient facts must be alleged to show that, taken as true, there is a basis for the imposition of punitive damages.

Because Plaintiff's IIED claim against GEO is not viable as pled in the amended complaint and the amended complaint will be dismissed with leave to amend pursuant to this order, it is unnecessary to strike from the amended complaint the prayer for punitive damages against GEO on Plaintiff's IIED claim. Therefore, the motion to strike shall be denied as moot. However, by this order, the Court has clarified the parameters for punitive damages arising from intentional infliction of emotional distress and it is the Court's expectation that any deficiencies will be remedied so that this issue does not arise following the filing of the second amended complaint.

### 2. Punitive Damages for Negligence

Defendants move to strike Plaintiff's prayer for punitive damages arising out of his general negligence claim against GEO. Plaintiff does not oppose Defendants' motion to strike the prayer for punitive damages as to his negligence claim. Therefore, the Court does not reach Defendants' argument that Plaintiff is not entitled to seek punitive damages for that claim, and finds that the prayer is subject to being stricken. However, because the amended complaint will be dismissed, Defendants' motion is rendered moot.

### III. Conclusion and Order

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Defendants GEO and Watts' motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:

///

   a. Dismissal of the <u>Bivens</u> claim against GEO is GRANTED and the claim is dismissed, with prejudice;

   b. Dismissal of the <u>Bivens</u> claim against Watts on the grounds that she is an employee of a private entity and that Eighth Amendment claims cannot be brought against prison nurses is DENIED;

   c. Dismissal of the <u>Bivens</u> claim against Watts for failure to allege facts sufficient to state any claims against her for violation of the Eighth Amendment is GRANTED, with leave to amend; and

   d. Dismissal of the the IIED claim against GEO for failure to state a claim is GRANTED, with leave to amend;

 2. Plaintiff's amended complaint is dismissed, with leave to file a second amended complaint within **thirty (30) days**; and

 3. Defendants GEO and Watts' motion to strike the requests for punitive damages is DENIED as moot in light of the dismissal of the amended complaint.

IT IS SO ORDERED.

**Dated:** **July 22, 2008**     /s/ Lawrence J. O'Neill
               UNITED STATES DISTRICT JUDGE