**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO, aka ANTONIO GUERRERO,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GEO GROUP, INC., et al.<br><br>    Defendants. | No. 1:07-CV-01630-CKJ<br><br>**ORDER** |

Pending before the Court is Defendants The GEO Group, Inc., and Lauri Watts' Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion to Strike Pursuant to FRCP 12(f) of Plaintiff's Second Amended Complaint [Doc. # 57]. Plaintiff has not filed a response. *See* L.R. 78-230(m) ("Failure of the responding party to file opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion[.]").

*Procedural Background*

On November 9, 2007, Plaintiff Jose Moreno ("Moreno") filed a complaint in the Eastern District of California. On February 21, 2008, Moreno filed an Amended Complaint alleging violations of federal civil rights under *Bivens*[1] and negligence and intentional

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

infliction of emotional distress.

On May 27, 2008, Defendants The GEO Group, Inc. ("GEO") and Lauri Watts ("Watts") field a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendants' motions were granted in part and denied in part. Specifically, the court dismissed with prejudice Moreno's *Bivens* claim against GEO and dismissed with leave to amend Moreno's *Bivens* claim against Watts. The court also dismissed with leave to amend Moreno's claim for intentional infliction of emotional distress against GEO. Defendants' Motion to Strike punitive damages was denied as moot in light of the court's ruling on the Motion to Dismiss.

On August 21, 2008, Plaintiff filed a Second Amended Complaint ("SAC") alleging negligence (failure to summon medical care), intentional infliction of emotional distress, and general negligence against GEO and alleging a *Bivens* claim for failure to supervise, train, discipline, and monitor against Watts. On September 10, 2008, Defendants GEO and Lauri Watts filed a Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion to Strike Pursuant to FRCP 12(f) of Plaintiff's Second Amended Complaint [Doc. # 57].

*Motion to Dismiss*

The United States Supreme Court has found that, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see also Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116 (9th Cir. 2008).[2] While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 1964-65. Indeed, Fed.R.Civ.P. 8(a)(2) requires a

---

[2] The holding in *Twombly* explicitly abrogates the well established holding in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id.* at 1965 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id.* at 1965. Thus, a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (or a motion for judgment on the pleadings) should be granted when a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* at 1974. However, the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 929 (2007).

This Court must take as true all allegations of material fact and construe them in the light most favorable to the nonmoving party. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

*Bivens Claim Against Watts*

Moreno alleges that Watts failed to supervise, train, discipline, and monitor TCI employees as related to administering Moreno's healthcare. Defendants assert, however, that *Bivens* should not be extended to suits against private individuals. Defendants raised this issue in their May 27, 2008, motion and the prior judge assigned to the case determined that "[n]o basis [had] been presented to the Court which would allow it to rule that Watts was not a government actor and may not be held liable under Bivens for actions taken in her individual capacity . . . Defendants' motion to dismiss the Bivens claim against Watts because she is an employee of a private entity is denied." July 24, 2008, Order [Doc. # 51], p. 4. This Court must decide, therefore, how the principle of the law of the case affects

Defendants' argument. The law of the case doctrine, which is a judicial invention designed to aid in the efficient operation of court affairs[,]" *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir 1990), provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." *Handi Investment Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981). For the discretionary doctrine to apply, "the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" *Milgard Tempering, Inc.*, 902 F.2d at 715, *citation omitted*. Defendants' current Partial Motion to Dismiss presents additional bases to determine that Watts was not a government actor and cites to additional authority in support of their assertion that a *Bivens* claim cannot proceed against Watts. The Court, in its discretion and in light of Moreno's failure to file an objection to the Partial Motion to Dismiss, declines to apply the law of the case and will review this issue in light of Defendants' arguments.

Defendants cite to out-of-circuit authority for the assertion that *Bivens* should not be extended to employees of a privately operated federal prison when alternative remedies are available. *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1096-97 (10th Cir. 2005), *vacated in part and aff'd in part by,* 449 F.3d 1097, 1099 (10th Cir.); *Holly v. Scott*, 434 F.3d 287 (4th Cir. 2006), *cert. denied*; *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). While the Ninth Circuit has stated in *dicta* that claims against the individual employees of the CCA should be brought via *Bivens*, *Agyeman v. Corrections Corporation of America*, 390 F.3d 1101, 1104 (9th Cir. 2004), this issue was not before the court; rather, the court was discussing the issues as to how they related to whether counsel should have been appointed on behalf of the plaintiff. The court was merely stating an example of the case's complexity which supported the court's conclusion that counsel should have been appointed. The Court finds this issue is unresolved in the Ninth Circuit.

While the Supreme Court has refused to extend *Bivens* to suits against private persons, *see Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 63, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001),

it has not addressed a federal prisoner's right to a *Bivens* action against employees of a private prison. However, the Court has stated that "§ 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful[.]'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977 (1999), *citations omitted*.[3] Indeed, "[o]nly when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." *Single Mom, Inc. v. Montana Power Co.*, 331 F.3d 743, 746-47 (9th Cir. 2003), *citation omitted*. However a private party may be treated as a government actor where "the alleged infringement of federal right [is] fairly attributable to the [government.]'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003), *citation omitted*.

      The Court notes that the SAC alleges that Watts was "an officer, employee, agent, and/or representative of the BOP, an entity of the USA and/or an officer, employee, agent and/or representative of GEO." SAC, p. 4. However, the conclusory allegation that Watts was a federal officer or agent is not supported by any factual allegation. Moreover, the SAC does not include any factual allegations supporting any assertion that the alleged infringement is fairly attributable to the government. Furthermore, there is no allegation "the federal government has any stake, financial or otherwise, in GEO[,]" no allegation that any federal policy played a role in the alleged failure to provide adequate medical care, and no allegation that either GEO or Watts colluded with federal officials in making relevant decisions. *Holly*, 434 F.3d at 292-93. That GEO, the entity for which Watts was a private employee, does business under contract with the government does not in itself subject it to constitutional liability, let alone create such liability for its individual private employees. *Holly*, 434 F.3d at 293. Watts was engaged in providing healthcare services. The administration of healthcare services is not an action which is fairly attributable to the government. *Id*. at 293-94. The Court finds that Moreno has not adequately alleged that Watts is either a federal agent or an individual engaged in actions fairly attributable to the

---

[3]"Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

government.

Moreover, this case is similar to *Alba*, *supra*. In *Alba*, the plaintiff had asserted that his Eight Amendment rights were violated when he was denied adequate medical care in a *Bivens* claim against the employees of a private federal facility. The Eleventh Circuit refused to extend *Bivens* to actions brought against private employees where alternative state remedies were available. Moreno asserts that he was denied adequate medical care in violation of his Eighth Amendment rights. The claim of a denial of adequate medical care is recoverable under alternate state tort theories. The Court finds that it is not appropriate to extend *Bivens* to permit a claim against an individual employee of a private facility that contracts with the Federal Bureau of Prisons to house federal inmates. Accordingly, the claim against Watts will be dismissed.

*Intentional Infliction of Emotional Distress Claim Against GEO*

Moreno alleges that GEO's conduct was extreme and outrageous and was undertaken to intentionally cause Moreno emotional distress or was undertaken in reckless disregard of the probability of causing Moreno to suffer extreme emotional distress. Moreno further alleges that GEO's conduct was committed within the scope of employment as prison personnel who intentionally disregarded Moreno's constant pleas for medical attention for the purpose of causing Moreno emotional distress or was undertaken in reckless disregard of the probability of causing Moreno to suffer extreme emotional distress. Moreno also alleges that GEO's conduct was directed at and was a substantial factor in causing Moreno's severe emotional distress and that GEO's conduct was despicable and was with willful and conscious disregard for the rights of Moreno. To state a claim for intentional infliction of emotional distress, Moreno must allege:

> (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

*Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593 (1979); *see also Hailey v. California*

- 6 -

*Physicians' Service*, 158 Cal.App.4th 452, 473-74 (2007); *Simo v. Union of Needletrades, Industrial & Textile Employees*, 322 F.3d 602, 621-22 (9th Cir. 2003). *citation omitted*. To state a cause of action, the conduct alleged must be "'so extreme and outrageous 'as to go beyond all possible bo[u]nds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Coleman v. Republic Indem. Ins. Co. of California*, 132 Cal.App.4th 403, 416 (2005). Furthermore,

> Behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress.

*Hailey*, 158 Cal.App.4th at 474, *citations omitted.*

Moreno's allegations regarding GEO are vague and conclusory and the factual allegations are insufficient to "raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1964-65.

*Intentional Infliction of Emotional Distress Claim Based on Vicarious Liability Against GEO*

Moreno alleges that unknown named personnel changed Moreno's medication from Midium to Motrin, unknown named personnel did not schedule Moreno to see a doctor when he complained of the side effects of Motrin, Moreno experienced blood vomiting sessions, unknown named personnel changed Moreno's medication from Motrin to Excedrin, unknown named personnel did not schedule Moreno to see a doctor when he complained of the ineffectiveness of the Excedrin, unknown named personnel refused to change Moreno's medication when he complained the Excedrin was ineffective in relieving his pain, Moreno did not receive appointment until three days after Moreno complained of excruciatingly painful migraine headache, unknown named personnel threatened to have Moreno forcibly removed because of his continued daily persistence, and Moreno suffered a serious and debilitating stroke. For an employer to be vicariously liable for the torts of its employees committed within the scope of their employment, the intentional tort must have causal nexus to the employee's work. *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal.4th

291, 296-97 (1995).

In ruling on the prior Motion to Dismiss, the court found that Moreno had alleged sufficient facts that unidentified Doe defendants came into direct contact with Moreno and, in failing to address his medical needs, acted with deliberate indifference. The Court finds no basis to not accept this determination as the law of the case. *See Handi Investment Co.*, 653 F.2d at 392. However, the court advised Moreno that, if his claim was premised on vicarious liability, Moreno was required to allege sufficient facts to place Defendants on notice as to the basis for the claim. Moreno has not alleged on what basis vicarious liability may be imposed on GEO. The Court finds that Moreno has not alleged sufficient facts to state a claim of vicarious liability against GEO.

*Motion to Strike*

Fed.R.Civ.P. 12(f) permits the striking of redundant, immaterial, impertinent, or scandalous matter from a pleading. Indeed, a "motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law." *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D.Cal. 2005), *citing* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civil Procedure Before Trial* (2005).

As to Moreno's *Bivens* claim against Watts and the intentional infliction of emotional distress claim against GEO, this Court has determined that dismissal of these claims is appropriate. The Motion to Strike the request for punitive damages as to these claims will be granted.

Defendants also assert that the request for punitive damages as to the negligence claim regarding the failure to summon medical assistance should be stricken. Defendants also raised this issue in their prior Motion to Strike. Moreno, in responding to that motion, did not oppose Defendants' Motion to Strike the prayer for punitive damages as to his negligence claims. Moreno has not responded to the present Motion to Strike. *See* L.R. 78-230(m); *see also* Cal.C.Civ.P. § 425.13; Cal.Civ.Code § 3294. The Motion to Strike as to the negligence claims will be granted.

*Dismissal*

Moreno having failed to state a claim upon which relief may be granted set forth *infra*, dismissal is appropriate. In determining whether the dismissal should be granted with leave to amend, the Court considers that Moreno has already had an opportunity to file an amended complaint. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim). Moreover, that opportunity was with the benefit of the Court's ruling on the prior Motion to Dismiss. The Court finds that a more carefully drafted complaint would not state a claim. Dismissal without leave to amend is appropriate.

Accordingly, IT IS ORDERED:

1. Defendants The GEO Group, Inc., and Lauri Watts' Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) [Doc. # 57] is GRANTED.
2. Moreno's *Bivens* claim against Watts is DISMISSED.
3. Moreno's claim of intentional infliction of emotional distress against The GEO Group, Inc., is DISMISSED.
4. Defendants The GEO Group, Inc., and Lauri Watts' Motion to Strike Pursuant to FRCP 12(f) [Doc. # 57] is GRANTED.
5. Moreno's prayer for punitive damages against The GEO Group, Inc., and Watts is STRICKEN.

DATED this 25th day of March, 2009.

Cindy K. Jorgenson
United States District Judge