IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO, aka ANTONIO GUERRERO, | |
| Plaintiff, | No. 1:07-CV-01630-CKJ |
| vs. | **ORDER** |
| THE GEO GROUP, INC., et al. | |
| Defendants. | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference is set for **April 27, 2009,** at 10:30 a.m., before the Honorable Cindy K. Jorgenson, Courtroom 5C, Evo A. DeConcini U.S. Courthouse, 405 W. Congress Street, Tucson, Arizona.[1]

IT IS HEREBY ORDERED:

The parties are directed to Rule 16, Fed.R.Civ.P., for the objectives of the conference. A party or at least one of the attorneys for each party attending the conference shall have the authority to enter into stipulations and make admissions regarding all matters which may be discussed.

The parties are directed to confer at least 21 days before the conference, in accordance

---

[1] Plaintiff and/or counsel may appear telephonically at the hearing by calling chambers at 520.205.4550 at the time of the scheduled hearing. Should more than one individual choose to appear telephonically at the hearing, counsel for Defendant shall arrange for the conference call. If appropriate, counsel shall notify the Court of a conference call telephone number on or before April 23, 2009.

with Rule 26(f), Fed.R.Civ.P., to discuss the following matters:

    A. The possibility of consent to a United States Magistrate Judge to conduct any or all proceedings pursuant to 28 U.S.C. § 636(c), the suitability for referral of this matter for alternative dispute resolution, or the referral of this matter to a special master;

    B. Any matters relating to jurisdiction or venue or the joinder of additional parties – specifically, whether this Court has subject matter jurisdiction over this matter in light of the dismissal of the *Bivens* claim;

    C. The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

    D. A schedule of all pre-trial proceedings;

    E. Modification of pre-trial procedures due to the simplicity or complexity of the case.

    F. Arrangements for Initial Disclosures in compliance with Rule 26(a)(1), Fed.R.Civ.P. Initial Disclosures shall be made at or within 14 days after the Rule 26(f) conference unless the parties stipulate to a different time or object in the manner required by Rule 26(a)(1); Counsel shall file with the Clerk of the Court, in accordance with Rule 26(a)(4) and Rule 5.4, L.R.Civ.P., a Notice of Initial Disclosure, rather than copies of the actual disclosures;

    G. Any other matters which counsel may feel will help dispose of the matter in an efficient matter, and;

    H. Development of a Proposed Discovery Plan.

IT IS FURTHER ORDERED Counsel shall file with the Court, on or before **April 20, 2009**, a **Joint Report** reflecting the results of their meeting and outlining the discovery plan. No extensions will be granted. It is the responsibility of Plaintiff to initiate the communication necessary to prepare the Joint Report. **Willful failure to comply will result in the imposition of sanctions.** The report shall include individually numbered brief statements indicating:

1. The nature of the case, setting forth in a brief statement the factual and legal basis for Plaintiff's claims and Defendant's defenses;

2. A list of the elements of proof necessary for <u>each</u> count of the complaint and each affirmative defense.  Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail.  The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, United States Supreme Court cases, Ninth Circuit Court of Appeals case law, State of California case law and statutory law, or other authority as dictated by the conflicts of law rules);

3. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;

4. The jurisdictional basis for the case, describing the basis for the jurisdiction (see the accompanying footnote), citing specific jurisdictional statutes, and considering the dismissal of the *Bivens* claim;[2]

5. The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance.  Unless counsel can otherwise show cause, the joint report shall be accompanied by a stipulation and a form of order dismissing any party which has not been served, or a motion seeking

---

[2] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332.  The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principle place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003).  The parties are further reminded that the Federal Rules of Civil Procedure do not provide for the use of fictitious parties and that the naming of a "John Doe" or "ABC Corporation" party "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

|   |     | default on any non-appearing party; |
|---|-----|---|

6. The names of parties not subject to the Court's jurisdiction;
7. Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions and legal issues about which any pretrial motions are contemplated;
8. Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge;
9. The status of related cases pending before other judges of this court or before other courts;
10. A statement of when Initial Disclosures were made or will be made, any proposed changes in the requirements for Initial Disclosures set forth in Rule 26(a), Fed.R.Civ.P., or, if applicable, of the stipulation to set a different time or objection to initial disclosures. Objections shall be made in the manner required by Rule 26(a)(1), Fed.R.Civ.P.;
11. Suggested changes, if any, in the limitations on discovery imposed by Rule 26(b)(2), Fed.R.Civ.P.;
12. The scope of discovery, when discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, where dispositive motions will be filed (*e.g.*, motions for summary judgment or a defense relying on the statute of limitations), counsel should consider limiting discovery to the issue at hand until the Court has ruled on the motion;
    a. The extent, nature, and location of discovery anticipated by the parties;
    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rules;
    c. The number of hours permitted for each deposition, unless extended by agreement of the parties.
13. A discussion of any issues relating to disclosure or discovery of electronically

|   |     |    | stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(5), 26(f)(3)); |
|---|-----|----|---|

1. stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(5), 26(f)(3));
14. A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(6), 26(f)(4));
15. Proposed deadlines[3] for:
    a. Initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P. (*see*, page 2, paragraph F);
    b. Addition of parties or amending complaint;
    c. Discovery (if the parties believe that discovery will require more than 180 days, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is <u>necessary</u>);
    d. Filing dispositive motions;
    e. Disclosure of initial expert testimony and rebuttal expert testimony pursuant to Rule 26(a)(2)(C), Fed.R.Civ.P.;
    f. Disclosure of witness list;
    g. Filing of settlement status reports, and;
    h. Filing pre-trial statement.
16. Counsel shall disclose what evidentiary hearings, such as *Daubert*, will be required and when such hearing shall be held;
17. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;
18. Whether a jury trial has been requested and whether the request for jury trial

---

[3]In preparing the *Joint* Report, the parties shall suggest their proposed deadlines keeping in mind that the Court will *not* entertain discovery disputes after the close of discovery barring extraordinary circumstances. Therefore, the proposed deadlines shall give sufficient time to *complete* discovery by the deadline (*complete* being defined as including the time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes).

|     |     |     |
| --- | --- | --- |
| 1   |     | is contested. |
| 2   | 19. | The prospects for settlement, specifically addressing the parties' wishes for a settlement conference and addressing any other way the Court can facilitate settlement; |
| 5   | 20. | In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the complex track for case management purposes; |
| 8   | 21. | Any unusual, difficult, or complex problems affecting the conduct of the case, and; |
| 10  | 22. | Any suggestions to expedite the disposition of this matter. |

After the conference, the Court will enter a Scheduling Order limiting the time within which counsel may file pre-trial motions, complete discovery, and file the proposed pre-trial order. To the extent that the Court's Scheduling Order differs from the parties' proposed schedule, the provisions of the Court's Order shall supersede the parties' proposed schedule and shall control the course of the action unless modified by subsequent Order.

IT IS FURTHER ORDERED that all parties are expected to comply with Fed.R.Civ.P. 26, and to minimize the expense of discovery. Counsel should ensure that all pleadings comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of California. The parties and their counsel are cautioned that the deadlines set in the Court's Scheduling Order shall be strictly enforced. This Court views this Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Fed.R.Civ.P. 1.

DATED this 25th day of March, 2009.

_____
Cindy K. Jorgenson
United States District Judge